IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JUANITA REED                                                                                    PLAINTIFF

vs.                                                                         CIVIL ACTION NO. 2:12cv124-SAA

COMMISSIONER OF SOCIAL SECURITY                                         DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Juanita Reed for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed applications for SSI, POD and DIB on December 30, 2008, alleging disability beginning July 2, 2008. Docket 9, p 183-84. Plaintiff's claim was denied initially on April 9, 2009 (Docket 9, p. 51) and on reconsideration on June 22, 2009. Docket 9, p. 62. She filed a written request for hearing and was represented by Susan Smith at the hearing held on May 19, 2011. Docket 9, p. 16-35. The Administrative Law Judge (ALJ) issued an unfavorable decision on June 3, 2011 *(Id.* at 9-15), and the Appeals Council denied plaintiff's request for a review. *Id.* at 1-4. Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I.  FACTS

Plaintiff was born on November 14, 1958 and was fifty (50) at the time of the

application. Docket 9, p. 156. She completed the eighth grade, but had obtained her GED. *Id.* at 194. Her previous employment was as a teacher's aide, health care sitter, cashier/cook, and factory worker. *Id.* at 189. Plaintiff contends that she became disabled before her application for SSI, POD and DIB due to obesity, allergies, hypertension, gastroesophageal reflux disease (GERD), knee and leg pain, and vision problems. *Id.* at 188.

The ALJ determined that plaintiff has not engaged in substantial gainful activity since July 2, 2008, the alleged onset date. Docket 9, p. 11. However, he determined that her medically determinable impairments of obesity, allergies, hypertension, GERD, knee pain and vision problems are non-severe. *Id.* at 11-12. The ALJ concluded that plaintiff's "conditions amount to only slight abnormalities having such minimal effect that they would not be expected to interfere with the ability to work irrespective of age, education and work experience." *Id.* at 12. As a result, he concluded that she was not disabled under the Social Security Act. *Id.* at 14.

Plaintiff contends that the ALJ erred when he failed to properly develop the record regarding her claimed sleep apnea and that he failed to consider all of the requisite medical sources. Docket 15, p. 4.[1]

## II. DISCUSSION

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at

---

[1] Plaintiff does not challenge the ALJ's findings that her obesity, allergies, hypertension, GERD, knee pain or vision problems were not severe impairments.

[2] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v.*

---

[3]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[4]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[5]20 C.F.R. §§ 404.1520(c), 416.920(c)(2010).

[6]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[7]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[8]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[9]*Muse*, 925 F.2d at 789.

3

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the evidence leans against the Commissioner's decision.[11] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

**A. Whether the ALJ erred in failing to develop the record?**

Plaintiff contends the ALJ erred by not developing the record as to her alleged sleep

---

[10] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[11] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

4

apnea. Docket 15, p. 7-9. Plaintiff asserts that the ALJ should have allowed her to further develop the record as to her sleep apnea after the hearing and should himself have ordered a consultive examination to determine whether her alleged sleep apnea was a severe impairment. *Id.* at 8. The Commissioner responds that the ALJ's decision is fully supported by the record, that there is no support for plaintiff's claim that the ALJ should have developed the record further or obtained a consultative examination, that the decision to require a consultative examination is discretionary, and it is plaintiff's burden to establish a disabling impairment. Docket 16, p. 5-6, citing *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987).

The Fifth Circuit has held that

> an individual claiming disability insurance benefits under the Social Security Act has the burden of proving her disability. To meet her burden and establish disability under the Act, Plaintiff must prove that she is unable to engage in any substantial gainful activity. Plaintiff must also establish a physical impairment lasting at least twelve months that prevents her from engaging in substantial gainful activity. Thus, the Secretary does not have the burden of making an initial showing of nondisability.

*Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) (internal citations omitted). Further, in this Circuit a consultative examination is only required "when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). In *Jones v. Bowen*, the court of appeals emphasized, "[t]o be very clear, full inquiry does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision." 829 F.2d 524, 526 (5th Cir. 1987). Given that the decision to order a consultative examination is discretionary, the undersigned finds that the ALJ was not required to order such an examination or a sleep apnea test; the plaintiff's argument is without

5

merit.

The ALJ properly considered plaintiff's medically supported impairments. The ALJ performed a thorough analysis of each of her alleged impairments and the medical support for each impairment, but ultimately found that there was no medical support for her alleged sleep apnea sufficient to warrant any further opinion on the matter. The only "medical source" who ever even mentioned this impairment is a nurse practitioner (Docket 9, 307-308), and a nurse practitioner is not an acceptable medical source as contemplated by the regulations. 20 C.F.R. § 404.1513(a). There is no evidence in the record to support the sleep apnea study, much less any evidence that such a study would establish an impairment that is of such a severity to render plaintiff incapable of employment. Without any support in the record, plaintiff's argument that the ALJ failed to properly develop the record because he did not request a sleep apnea test is without merit.

**B. Whether the ALJ properly considered the opinions of Dr. Brown.**

Plaintiff asserts that the ALJ failed to perform the analysis required in *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000) in weighing Dr. Brown's opinions. She contends that Dr. Brown's opinions were entitled to controlling weight because he was the only physician who submitted a Medical Source Statement. Docket 15, p. 11. The Commissioner responds, and the court agrees, that the ALJ properly weighed Dr. Brown's opinion and was not required to afford his Medical Source Statement the most weight simply because it was the only one submitted. Clearly the ALJ considered all of the medical opinions in assessing plaintiff's impairments, and nothing in Dr. Brown's records indicates that plaintiff's impairments are more severe than found by the ALJ. In fact, Dr. Brown's records demonstrate that plaintiff's limitations are substantially

less than those outlined in his Medical Source Statement ("MSS"). For instance, Dr. Brown's medical records never mention plaintiff's manipulative functions such as handling, fingering or feeling despite his indication on the MSS that those functions were limited. In fact, his records indicate that plaintiff's extremities were normal. Docket 9, p. 305. According to the Fifth Circuit, it is proper for an ALJ to give no weight to the checklist in cases such as this where there is no objective evidence to support the checklist MSS provided by a treating physician. *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012). The undersigned agrees that the MSS provided by Dr. Brown is not supported by objective record evidence. The ALJ properly gave Dr. Brown's opinions no weight.

A "plaintiff is required to establish that she suffered from a[n] impairment of disabling severity. The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally impaired by her [impairment] that she was precluded from engaging in any substantial gainful activity." *Hames v. Heckler*, 707 F.2d 162, 165 (5th 1983). There is no indication in Dr. Brown's records that plaintiff had any complaint for which he was requesting or recommending additional testing, nor did he conclude that plaintiff had any condition that was so severe that plaintiff is precluded from engaging in any substantial gainful activity. In fact, the opposite appears to be true. Based upon a thorough review of Dr. Brown's records, as well as the remaining record evidence, there is no impairment severe enough to prevent plaintiff from engaging in any substantial gainful activity. Thus, plaintiff's assertion that the ALJ failed to afford Dr. Brown's opinions the proper weight is without merit.

### III. CONCLUSION

After a review of the evidence presented to the ALJ, this court is of the opinion that the

ALJ's opinion was supported by substantial evidence and must be affirmed. The ALJ thoroughly analyzed each of plaintiff's alleged impairments, even those for which no support appeared in the record. He properly weighed the evidence from plaintiff's treating physician and evaluated plaintiff's impairments under all of the necessary steps. The ALJ's conclusion that the alleged impairments are not severe is supported by substantial evidence, and the decision of the Commissioner should be affirmed. A separate judgment in accordance with this Memorandum Opinion will issue this date.

This, the 1st day of March, 2013.

      /s/ S. Allan Alexander
      UNITED STATES MAGISTRATE JUDGE